657 A.2d 1003

**COMMONWEALTH of Pennsylvania**

v.

**Robert A. ROBBINS, Appellant.   (Two Cases.)**

Superior Court of Pennsylvania.

Argued Jan. 31, 1995.

Filed May 4, 1995.

438

Robert A. Gonos, Wilkes–Barre, for appellant.

Before DEL SOLE, KELLY and BROSKY, JJ.

DEL SOLE, Judge:

Robert A. Robbins was convicted after non-jury trials in two cases. He was found guilty of violating the Minimum Speed Regulation for driving too slowly [1] in the first case, and sentenced to pay a $25.00 fine, a fine of $10.00 to Emergency Medical Services Operating Fund, and a surcharge to the Catastrophic Loss Benefit Continuation Fund of $30.00. [2] In the second case, he was found guilty of Reckless driving [3] and two counts of Harassment. [4] He was sentenced to pay a fine of $300.00 for each Harassment conviction and $200.00 for Reckless driving. The two cases were consolidated on appeal. We affirm.

Appellant argues that the evidence presented for each conviction was insufficient to prove that he committed all of the elements of the crimes, and he claims that the evidence was insufficient to prove guilt beyond a reasonable doubt for each of the offenses. "In reviewing the sufficiency of the evidence, we must determine whether the evidence and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict-winner are sufficient to establish all the elements of the offense(s) beyond a reasonable doubt." *Commonwealth v. Rollins*, 525 Pa. 335, 339, 580 A.2d 744, 746 (1990). We also must determine whether the

1. 75 Pa.C.S.A. § 3364.

2. We note that Appellant's *de novo* hearing in this case was held on December 9, 1993. On that same day, he was convicted and sentence was imposed. Although Appellant should have been given an opportunity to file post-verdict motions since new Rule 1410(D) was not in effect at the time of his conviction, we shall overlook this procedural irregularity and review his claims. See *Commonwealth v. Buckshaw*, 433 Pa.Super. 254, 640 A.2d 908 (1994). The record in this case further reveals that Appellant was not directed to file a concise statement of the matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), nor did the trial court file an opinion.

3. 75 Pa.C.S.A. § 3736.

4. 18 Pa.C.S.A. § 2709.

evidence would allow the trier of fact to find every element of the crimes proven beyond a reasonable doubt. *Commonwealth v. Woods*, 432 Pa.Super. 428, 638 A.2d 1013 (1994). "[T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with [the] defendant's innocence, but the question of any doubt is for the [trier of fact] unless the evidence 'be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances.'" *Commonwealth v. Jones*, 431 Pa.Super. 475, 478, 636 A.2d 1184, 1186 (1994). The trier of fact is free to believe all, some or none of the evidence in a criminal trial. *Woods, supra.*

Section 3364(a) of the Pennsylvania Motor Vehicle Code states:

(a) Impeding movement of traffic prohibited.—Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic.

75 Pa.C.S.A. § 3364(a).

Patrol Officer Boone of the South Centre Township Police Department testified that while watching traffic on Route 11, he received a radio transmission about a large traffic backup travelling south on Route 11. Shortly after that, he observed Appellant drive by at a very slow pace without his four-way lights on. Officer Boone was unable to clock the exact speed that Appellant was driving. He testified that the speed limit for that road is 45 miles per hour and Appellant was not moving at that rate of speed. He charged Appellant with impeding traffic because about 17 to 20 cars were backed-up behind Appellant's vehicle in a no-passing zone. The operators of the other vehicles were angry, blowing their horns and raising their fists.

The Commonwealth also presented the testimony of Chief Lucas of Briar Creek Township. He testified that he was on routine patrol and was driving out of the Ames parking lot onto Route 11 when he noticed a line of traffic of about 18 to

20 cars. Chief Lucas was sure that the lead vehicle was being operated by Appellant whom he knows very well and he also knows his car. He further testified that he began driving behind this string of traffic, and Appellant was travelling 17 miles per hour in a 35 mile an hour no-passing zone. Chief Lucas based this speed on the speedometer in his vehicle.

Appellant argues that the Commonwealth failed to establish the actual speed that he was travelling, nor was it established that his actions "impeded the normal and reasonable movement of traffic." We disagree. The Commonwealth did not have to show that Appellant was travelling at a certain speed, as if this was a case of exceeding the maximum speed limits. All that needed to be shown was that Appellant was operating his vehicle at such a slow speed that it was an impediment to the normal and reasonable movement of traffic. The testimony of the two officers indicated that Appellant was driving very slowly at a rate of speed of about 17 miles per hour through no-passing zones with speed limits of 35 and 45 miles per hour. The officers also mentioned that between 18 or 20 cars were trailing behind Appellant and the operators of those vehicles were angry, raising their fists and honking their horns at Appellant.

Appellant believes that the inconsistencies in the officers' statements made their testimony unreliable and created reasonable doubt. Even though Officer Boone testified that the speed limit where he observed Appellant operating his vehicle is a 45 mile per hour zone and Chief Lucas testified that he saw Appellant driving slowly in a 35 mile per hour zone, this is not a contradiction. According to Chief Lucas, the speed limit changes on the road that Appellant was travelling which is why the officers testified differently regarding the speed limit where each of them observed Appellant. He also complains that Officer Boone's credibility was diminished by his testimony that his sight distance on Route 11 was 1000 feet, and then he testified that his sight distance was approximately 1000 yards in each direction. Even though Officer Boone testified differently regarding his sight distance, the trial court nevertheless favorably assessed his credibility.

Having reviewed all of the evidence and the reasonable inferences which may be drawn from that evidence in a light most favorable to the verdict winner, we find that the evidence was sufficient to establish all of the elements of the offense and to prove guilt beyond a reasonable doubt.

In the second case, Appellant was convicted of violating 75 Pa.C.S.A. § 3736 of the Vehicle Code and 18 Pa.C.S.A. § 2709 of the Crimes Code. We have thoroughly considered Appellant's arguments, the applicable law and the record in this case. The Honorable Gailey C. Keller, P.J., properly resolved the claims raised by Appellant in his Opinion dated July 27, 1994. Therefore, we shall not expand upon the discussion set forth therein.

Judgment of sentence affirmed.