**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Richard LANA, Appellant.**

Superior Court of Pennsylvania.

Submitted May 23, 2003.

Filed Sept. 9, 2003.

John Packel, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: TODD, GRACI and TAMILIA, JJ.

TAMILIA, J.

¶ 1 On June 13, 1998, Philadelphia Officer Russell Shoemaker stopped appellant, Richard Lana, for suspicion of driving while intoxicated (DUI). In the course of providing the officer with his identification, a clear Baggie fell from appellant's pocket. That Baggie later was ascertained to contain crack cocaine.

¶ 2 On July 12, 2001, in Municipal Court, appellant's motion to suppress was denied and he was convicted, following a bench trial, of one count of possession of a controlled substance.[1] He was sentenced that same day to six (6) months reporting probation followed by six (6) months non-reporting probation. On August 14, 2001,[2] appellant petitioned for a writ of *certiorari* in the Court of Common Pleas, but on November 28, 2001, the petition was dismissed for failure to produce notes of testimony. A petition to reinstate the petition was filed on January 3, 2002, and a hearing was scheduled. Following a June 25, 2002 hearing in the Court of Common Pleas, appellant's petition for a writ of *certiorari* was denied, and this appeal followed.[3]

¶ 3 Appellant contends the suppression court erred by denying his motion to suppress the cocaine seized at the time he was stopped for suspected DUI. Appellant argues the vehicular stop was unjustified, and the subsequent pat-down was done without reasonable suspicion either that he was armed or "criminal activity was afoot". "[T]here was no probable cause or reasonable suspicion to stop [his] automobile for driving slowly in a residential neighborhood without hindrance to other traffic, a requirement of the traffic offense prohibiting slow driving, and the search of appel-

---

1. 35 P.S. § 780–113(a)(16).

2. While at first blush it appears the petition was untimely filed, *see* Pa.R.Crim.P. 1006, **Notice of Right to Appeal or to Petition for Certiorari; Guilty Plea Challenge Procedure,** the actual pleading reflects two time stamps, one being the August 14, 2001 date, and the other being August 9, 2001 in the Criminal Motions Court of the First Judicial District of Pennsylvania. Due to the conflicting dates, and despite the docket entry reflecting a file date of August 14th, we give appellant the benefit of the doubt and presume the motion was timely filed on August 9th.

3. We note that while the petition for *certiorari* was pending, on August 23, 2001, appellant once again was arrested for possession. Despite the pending appeal, however, the court revoked appellant's probation on January 23, 2002, and purportedly re-sentenced him to nine (9) months reporting probation.

lant exceeded the scope permitted for such searches." Appellant's brief at 3.

¶ 4 A review of the July 12, 2002 suppression transcript reveals the following facts. Officer Shoemaker testified that at 4:00 a.m. on June 13, 1998, while on routine patrol in a marked vehicle, he observed a black Jaguar with New York plates parked on a residential street in an area of Philadelphia known for its high incidence of crime and drug abuse. Officer Shoemaker stated he watched as the car pulled away from the curb and traveled for one block at a speed of 5 to 10 miles per hour in a 20–mile–per–hour zone. Believing appellant was driving too slowly for conditions, and therefore suspecting he was under the influence of alcohol, Officer Shoemaker executed a traffic stop.

■ ¶ 5 This Court's review of a suppression ruling is limited to determining whether the record as a whole supports the suppression court's findings and whether the legal conclusions drawn from the factual findings are free of error. *Commonwealth v. Battaglia,* 802 A.2d 652 (Pa.Super.2002).

> When it is a defendant who has appealed, we must consider only the evidence of the prosecution and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. With respect to factual findings, we are mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented.

*Commonwealth v. Swartz,* 787 A.2d 1021, 1023 (Pa.Super.2001) (*en banc* ) (quotations and citations omitted). "We may reject findings of the suppression court that are not supported by the evidence. Only those findings that are supported by the record are binding on this Court." *Common-*

*wealth v. Snell,* 811 A.2d 581, 584 (Pa.Super.2002), *appeal denied,* —— Pa. ——, 820 A.2d 162, (2003) (citation omitted).

¶ 6 Officer Shoemaker testified that the reason he effectuated a traffic stop, after following appellant for one block, was because appellant was driving too slowly (5 to 10 miles per hour in a 20–mile–per–hour zone). N.T., 7/12/2001, at 8, 12, 23. He added that he suspected DUI because, "[t]he vehicle [was] stopped in a high crime, high drug area." *Id.* at 12.

¶ 7 Section 3364 of the Motor Vehicle Code, **Minimum speed regulation,** states:

> **(a) Impeding movement of traffic prohibited.**—Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such slow speed *as to impede the normal and reasonable movement of traffic.*

*Id.* (emphasis added).

¶ 8 We conclude the record does not support the suppression court's ruling denying appellant's motion to suppress. The traffic stop occurred at 4:00 a.m. in a residential section of the city. Appellant, driving a car with out-of-state tags and arguably unfamiliar with the area in which he found himself, was driving slowly. No traffic was impeded by the speed of appellant's vehicle. N.T. at 15. He was not traveling at 5 to 10 miles per hour in a 60–mile–per–hour zone; he was in a 20–mile–per–hour zone. Further, Officer Shoemaker followed appellant for a distance of just one block, barely enough time in which to fasten one's seat belt and adjust the mirrors. Other than being present in a high crime area of Philadelphia, Officer Shoemaker offered no evidence appellant was involved in criminal activity. There was no justification for the traffic stop; therefore, the contraband seized as a re-

sult of this illegal stop should have been suppressed.

¶ 9 Judgment of sentence vacated; case remanded.

¶ 10 Jurisdiction relinquished.

¶ 11 Judge GRACI files a Concurring Statement.

GRACI, J., Concurring.

¶ 1 On this record, I agree that we are constrained to vacate the order denying Appellant's motion to suppress.

¶ 2 The stop of Appellant's vehicle was based on neither probable cause that the Motor Vehicle Code had been violated, *Commonwealth v. Battaglia*, 802 A.2d 652 (Pa.Super.2002); *Commonwealth v. Gleason*, 567 Pa. 111, 785 A.2d 983 (2001); *Commonwealth v. Whitmyer*, 542 Pa. 545, 668 A.2d 1113 (1995),[4] nor a reasonable suspicion that some non-Vehicle Code criminal activity was afoot. *Commonwealth v. Swartz*, 787 A.2d 1021, 1024 (Pa.Super.2001) (*en banc*). The arresting

officer said he was investigating a possible DUI. Though the stop of Appellant's vehicle occurred in what the officer described as a high crime or high drug area, he did not articulate any facts raising a suspicion that criminal activity was afoot. Instead, the "fact" that this was a high crime or high drug area was, according to the officer, his reason for opining that Appellant was possibly driving under the influence. The unlawful stop resulted in the discovery of the packet of cocaine.[5] Accordingly, cocaine should have been suppressed as the fruit of the unlawful stop. *Commonwealth v. Keller*, 823 A.2d 1004, 1011–12 (Pa.Super.2003).

¶ 3 For these reasons, I join the majority's disposition.

---

4.  While I believe that *Gleason* and *Whitmyer* were wrongly decided based on a misreading of *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), I recognize that we are bound to effectuate the decisional law of the Supreme Court. *Commonwealth v. Busch*, 713 A.2d 97 (Pa.Super.1998). Here, the record does not establish probable cause for a Vehicle Code violation justifying the stop of Appellant's car.

5.  Given my determination that the initial stop was unlawful, I find it unnecessary to address the propriety of the "frisk" and the officer's request that Appellant remove the item from his pocket. *See Commonwealth v. Reppert*, 814 A.2d 1196, 1212–13 (Pa.Super.2002) (*en banc*) (Graci, J., concurring) (discussing permissible limits of *Terry* frisk).