J.S26041/14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAKEE HAMILTON, | : | |
| | : | |
| Appellant | : | No. 2729 EDA 2012 |

Appeal from the Judgment of Sentence August 28, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0008988-2010

BEFORE: BENDER, P.J.E., SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED OCTOBER 06, 2014**

Appellant, Zakee Hamilton, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas following a jury trial and his convictions for first-degree murder,[1] aggravated assault,[2] attempted murder,[3] possessing instruments of crime,[4] carrying a firearm in

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

[2] 18 Pa.C.S. § 2702(a).

[3] 18 Pa.C.S. § 901(a).

[4] 18 Pa.C.S. § 907(a).

public in Philadelphia,[5] and carrying a firearm without a license.[6]  Appellant

challenges the sufficiency of evidence for first-degree murder and the weight

of the evidence for all of his convictions.  We affirm.

We state the facts and procedural history as follows.[7]  During the early

morning hours of February 21, 2010, members of a vehicle club congregated

at a bar they had reserved to celebrate a birthday.  When they arrived at the

bar, the club members discovered that the bar was overbooked.  As the

night progressed, different vehicle club members and non-club members

began arriving at the bar.  The club members protested to the bar owner

about the overbooking and lack of security.  The bar owner retorted by

informing them that if they wanted security, they should provide it.  Two

club members subsequently stationed themselves at one of the doors and

began checking IDs and patting non-club members down for weapons.

Outside the bar, and later in the evening, a fight erupted between

multiple women.  N.T., 8/7/12, at 65, 68.  During the fracas, two men

intervened to break up the fight.  *Id.* at 146.  After the men separated the

women, Appellant punched one of the women.  *Id.*  During the ensuing

---

[5] 18 Pa.C.S. § 6108.

[6] 18 Pa.C.S. § 6106.

[7] We state the facts in the light most favorable to the Commonwealth, as the verdict winner.  ***Commonwealth v. Diggs***, 949 A.2d 873, 877 (Pa. 2008) (citations omitted).  Although multiple witnesses consistently testified to the basic facts, for ease of reference, we cite only to one or a few sources.

altercation, Appellant pulled out a revolver and raised it at two different men—not the men that intervened. N.T., 8/8/12, at 259. The two men immediately ran in two different directions, and Appellant shot both. *Id.* at 260, N.T., 8/9/12, at 65. One of the men was shot in the back of the thigh; he survived and identified Appellant.[8] N.T., 8/8/12, at 259-60.

A different witness testified Appellant fired a revolver at least six times at various people. N.T., 8/7/12, at 158. Yet another witness—one of the men that initially intervened to break up the fight—testified he saw Appellant holding a revolver, stand over a person lying on the ground, and shoot him twice: once in the abdomen, which struck his aorta causing him to bleed to death, and once in the leg. N.T., 8/8/12, at 38, 48, 208. Appellant also shot a fourth victim, severely wounding her; she identified Appellant from a photo array. *Id.* at 139, 149-50. In sum, Appellant shot four[9] people, killing one.

Multiple eyewitnesses identified Appellant as having a beard and distinctive teeth, as well as wearing blue jeans and a green shirt or sweater. *See, e.g.*, *id.* at 35, 132. They also identified Appellant as having a tattoo or religious mark on the center of his forehead. *See, e.g.*, N.T., 8/7/12, at

---

[8] With respect to the other man Appellant shot, the Commonwealth did not file charges against Appellant.

[9] As noted above, the Commonwealth only pursued charges against Appellant for shooting three people.

160. One witness, however, when describing Appellant to the police, initially stated he was 5'10" tall and had star tattoos on his face and neck. N.T., 8/8/12, at 268. A different witness described Appellant to the police as being 6'2" tall. N.T., 8/7/12, at 163.

The police did not apprehend Appellant until two months later. *See* N.T., 8/9/12, at 191-99, 206-20. A jury convicted Appellant of the above crimes on August 10, 2012. The court sentenced Appellant that day to life without parole followed by twenty-five to sixty years' incarceration. Appellant filed a timely post-sentence motion challenging, *inter alia*, the weight of the evidence. The court denied Appellant's post-sentence motion and took this appeal.[10]

---

[10] The order denying Appellant's post-sentence motion has a handwritten signature date of August 27, 2012, but a "filed" stamp above a stamped August 28, 2012 date. The docket, however, reflects that the order was docketed on August 27, 2012. Appellant filed a notice of appeal on Thursday, September 27, 2012, which is thirty days after August 28, 2012, but thirty-one days after August 27, 2012. Appellant's notice of appeal also contains date irregularities. Stapled to Appellant's notice is a verified statement with a handwritten date of September 28, 2012, an undated proof of service, and a transcript order form, also with a handwritten date of September 28, 2012. This Court issued a rule to show cause on Appellant as to why his appeal should not be quashed as untimely. Appellant responded that the trial court did not deny his post-sentence motion until August 28, 2012. Because of the irregularities in the record—the date an order is docketed should be identical to the filed date—we decline to hold Appellant's appeal was untimely. *Cf. Commonwealth v. Lana*, 832 A.2d 527, 528 n.2 (Pa. Super. 2003) (holding, because record reflected conflicting time stamps, petition for *certiorari* was timely filed).

On October 2, 2012, the court ordered Appellant to comply with Pa.R.A.P. 1925(b) within twenty-one days. Appellant filed an untimely Rule 1925(b) statement on November 9, 2012.[11] The trial judge did not write a Rule 1925(a) decision as she had retired from the bench.

Appellant raises the following issues:

> Did the trial court err in failing to find that the evidence was not insufficient to show as a matter of law that Appellant was guilty of first degree murder when the . . . testimony presented by the Commonwealth witnesses was so impeached and contradictory as to not be believable beyond a reasonable doubt?
>
> Did the court err in failing to the verdict [sic] was not against the weight of the evidence as the testimony presented by the Commonwealth witnesses was contradictory and even exonerated Appellant?

Appellant's Brief at 5.

We summarize Appellant's arguments for both of his issues. Appellant, who claims he is 6'2", suggests that the witnesses' testimony should be discredited because their trial identifications of him were inconsistent with their initial descriptions to the police that the shooter had face or neck tattoos and was 5'10". He opines that the Commonwealth's witnesses colluded to identify him as the culprit. Appellant also argues that he could not have had a revolver that night because he was subject to pat

---

[11] We decline to find waiver, however. **See** Pa.R.A.P. 1925(c)(3); **Commonwealth v. Britt**, 83 A.3d 198, 203 (Pa. Super. 2013) (holding untimely filing of Rule 1925(b) statement by counsel is *per se* ineffective assistance of counsel).

down searches before entering the bar. He similarly challenges the verdict as against the weight of the evidence. We hold Appellant has not established entitlement to relief.

First-degree murder is a criminal homicide committed by an intentional killing. 18 Pa.C.S. § 2502.

> To obtain a conviction for first-degree murder, the Commonwealth must demonstrate that: a human being was unlawfully killed; the defendant was the killer; and the defendant acted with malice and a specific intent to kill. In determining whether there was sufficient evidentiary support for a jury's finding to this effect, the reviewing court inquires whether the proofs, considered in the light most favorable to the Commonwealth as verdict winner, are sufficient to enable a reasonable jury to find every element of the crime beyond a reasonable doubt. The court bears in mind that: the Commonwealth may sustain its burden by means of wholly circumstantial evidence; the entire trial record should be evaluated and all evidence received considered, whether or not the trial court's rulings thereon were correct; and the trier of fact, while passing upon the credibility of witnesses and the weight of the evidence, is free to believe all, part, or none of the evidence.

*Diggs*, 949 A.2d at 877 (citations omitted). "[A] specific intent to kill may be inferred from the use of a deadly weapon on a vital part of the body . . . ." *Id.* (citation omitted). The abdomen is a vital part of the body. *Commonwealth v. Briggs*, 12 A.3d 291, 307 (Pa. 2011).

It is well-settled that contradictions between a witness's out-of-court statements and in-court testimony "concern credibility and do not render impossible rational consideration of the evidence presented." *Commonwealth v. Goldblum*, 447 A.2d 234, 240 (Pa. 1982) (noting, "new

trial may be appropriate in a case where the testimony **at trial** is hopelessly contradictory" (emphasis in original)); ***Commonwealth v. Griffin***, 65 A.3d 932, 939 (Pa. Super.) (holding argument "based on 'unbelievable identification testimony' of the victim . . . goes to the credibility of the witness's testimony, and is, therefore, not an attack on the sufficiency of the evidence, but an allegation regarding the weight it should be afforded"), *appeal denied*, 76 A.3d 538 (Pa. 2013).

Instantly, we view the evidence in the light most favorable to the Commonwealth. ***See id.*** As set forth above, multiple eyewitnesses identified Appellant as the shooter. ***See, e.g.***, N.T., 8/8/12, at 38, 48. The record established Appellant stood over and shot the victim twice: once in the abdomen—a vital part of the body—and once in the leg. ***Id.*** at 208; ***see Briggs***, 12 A.3d at 307. Thus, because the witnesses consistently identified Appellant as the shooter at trial, Appellant's challenge to the sufficiency of evidence lacks merit. ***See Diggs***, 949 A.2d at 877.

To the extent Appellant challenged the discrepancies between the witnesses' out-of-court identification and in-court identification, Appellant's challenge is to the witnesses' credibility, which is a challenge to the weight of the evidence. ***See Goldblum***, 447 A.2d at 240; ***Griffin***, 65 A.3d at 939. Instantly, Appellant challenged the weight of the evidence in his post-sentence motion and thus preserved the issue for appeal. ***See*** Pa.R.A.P. 607(a); ***Brown***, 648 A.2d at 1191.

A challenge to the weight of the evidence "concedes that there is sufficient evidence to sustain the verdict." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). This Court cannot "entertain a challenge to the weight of the evidence since [our] examination is confined to the 'cold record.'" ***Commonwealth v. Brown***, 648 A.2d 1177, 1191 (Pa. 1994) (citation omitted). We only review whether the trial court abused its discretion when it evaluated the challenge. ***Id.*** (limiting review of weight of evidence claim to whether trial court abused discretion). After careful consideration of the facts, as set forth above, we discern no abuse of discretion by the trial court when denying his motion for a new trial. ***See id.*** Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014