J-A13025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOSEPH J. WATLEY | : | |
| | : | |
| Appellant | : | No. 3022 EDA 2016 |

Appeal from the Judgment of Sentence September 6, 2016
In the Court of Common Pleas of Pike County
Criminal Division at No(s):  CP-52-SA-0000018-2016

BEFORE:   LAZARUS, J., OTT, J. and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                       **FILED JULY 11, 2017**

Joseph J. Watley appeals from the judgment of sentence entered September 6, 2016, in the Court of Common Pleas of Pike County, after the trial court found him guilty of violation of 75 Pa.C.S. § 3364(a), Minimum Speed Regulation – Impeding movement of traffic.  The sole question presented in this appeal is "[w]hether Joseph J. Watley was innocent of impeding traffic under 75 Pa.C.S.A. § 3364(a) since the Commonwealth did not present one witness that testified [Watley] obstructed traffic?"[1]  Watley's Brief at 4.  For the reasons set forth below, we are constrained to vacate the judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Watley timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

The trial court has summarized the Commonwealth's evidence presented at the *de novo* summary appeal hearing, as follows:

On May 11, 2016, at approximately 2:45 in the afternoon, [Pennsylvania State Police Trooper Michael] Felsman sat in his marked police car on the south side of Interstate Highway 84 (I-84) at mile marker 30.6, observing the flow of traffic going eastbound. Felsman observed a 2001 Chevrolet drive by at 48 miles per hour in a section of the highway with a 65 mile per hour speed limit. Felsman pulled out and drove beside the Chevrolet as it continued Eastbound. Watley was driving the Chevrolet as he travelled east from Indiana on his way to his home in Connecticut. A moderate flow of traffic drove by on I-84 with sunny weather and no adverse driving conditions. After driving alongside the Chevrolet and then behind it for 2 miles at the same rate of speed, Felsman initiated a traffic stop of the Chevrolet, driven by Watley. After Felsman obtained Watley's identification, vehicle registration, and insurance information, Felsman called for back-up, took Watley into custody, and directed the Chevrolet towed off the highway.

Felsman testified that at the 48 miles per hour speed, he believed Watley impeded the flow of traffic at that time, although Felsman did not observe a traffic slowdown at the time of the stop. Watley testified that he always drives cautiously in the right hand lane as a result of an accident that occurred in 1988.

Trial Court Opinion, 11/29/2016, at 2 (record citations omitted and footnote omitted).

The magisterial district court found Watley guilty of violating 75 Pa.C.S. § 3364(a), and ordered Watley to pay a $25.00 fine plus costs. Watley then appealed to the Court of Common Pleas. The trial court held a trial *de novo* after which it denied Watley's summary appeal, convicted

- 2 -

Watley under Section 3364(a), and sentenced him accordingly.[2, 3]  This appeal followed.

Watley argues "[t]here was no evidence in the record that [Watley] impeded any traffic as required by this Court to sustain a traffic citation under [Section] 3364(a) of the Motor Vehicle Code."  Watley's Brief at 8.

The principles that guide our review are well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances

_____

[2] The trial court found Watley not guilty of 75 Pa.C.S. §§ 4303(6) (General Lighting Requirements) and 4524(b) (Windshield Obstruction) at separate docket numbers 19-2016-SA and 20-2016–SA, respectively.  **See** Trial Court Opinion, 11/29/2016, at 2 n.1.

[3] The trial court's sentencing order reads:

> AND NOW, this 6[th] day of September, 2016, upon consideration of the Defendant's Summary Appeal and after hearing held thereon, it is hereby ORDERED that the Defendant's summary appeal of the underlying conviction for Minimum Speed Regulation, 75 Pa.C.S.A. § 3364(a) is DENIED.
>
> The Defendant is hereby advised of his right to appeal this Order to the Pennsylvania Superior Court within thirty (30) days of the date of this Order, and that if an appeal is filed, the execution of the sentence will be stayed and, if applicable, he may seek imposition of bail pending appeal.

Order, 9/6/2016.

- 3 -

established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Cahill*, 95 A.3d 298, 300 (Pa. Super. 2014) (citations omitted).

Section 3364 of the Motor Vehicle Code provides, in part:

**(a)** *Impeding movement of traffic prohibited. —* Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic.

…

*(c)* *Establishment of minimum speed limits. —* At any other time when the department or local authorities under their respective jurisdictions determine on the basis of an engineering and traffic investigation that slow speeds on any highway or part of a highway impede the normal and reasonable movement of traffic, the department or such local authority may determine and declare a minimum speed limit below which no person shall drive a vehicle except when necessary for safe operation or in compliance with law. The minimum limit shall be effective when posted upon appropriate fixed or variable signs.

75 Pa.C.S. § 3364(a), (c).

Our review is guided by the two reported cases that deal with Section 3364(a): **Commonwealth v. Robbins**, 657 A.2d 1003 (Pa. Super. 1995) and **Commonwealth v. Lana**, 832 A.2d 527 (Pa. Super. 2003). In **Robbins**, this Court addressed a sufficiency claim and upheld the appellant's conviction under 75 Pa.C.S. § 3364(a), explaining:

> The Commonwealth did not have to show that Appellant was travelling at a certain speed, as if this was a case of exceeding the maximum speed limits. All that needed to be shown was that Appellant was operating his vehicle at such a slow speed that it was an impediment to the normal and reasonable movement of traffic. The testimony of the two officers indicated that Appellant was driving very slowly at a rate of speed of about 17 miles per hour through no-passing zones with speed limits of 35 and 45 miles per hour. The officers also mentioned that between 18 or 20 cars were trailing behind Appellant and the operators of those vehicles were angry, raising their fists and honking their horns at Appellant.

**Id.** at 1004.

**Lana, supra**, involved a challenge to the denial of a motion to suppress evidence seized in a traffic stop. In **Lana**, the police officer testified he followed the defendant for approximately one block at 4:00 a.m. in a residential neighborhood, and stopped the defendant because the defendant was driving five to ten miles per hour in a 20-mile-per-hour zone. This Court found the police officer did not have probable cause to conduct the traffic stop based on 75 Pa.C.S. § 3364(a). **Id.,** 832 A.2d at 529. Our Court noted "[n]o traffic was impeded by the speed of appellant's vehicle," and concluded that the police officer's observation of the defendant's vehicle

for a distance of one block at 5 to 10 miles per hour in a 20-mile-per-hour zone provided no justification for the traffic stop. *Id.*, 832 A.2d at 529-30.

Here, Watley claims the trial court ignored this Court's precedential decisions that require evidence of impeding traffic. *Id.* at 11. He asserts "unlike in *Robbins*, there was not a shred of evidence that [Watley] was impeding traffic." Watley's Brief at 9. In addition, citing *Lana*, Watley argues, "there was no testimony that [Watley] blocked or obstructed traffic and not one car was behind him." Watley's Brief at 10. Watley also contests the trial court's consideration of Pennsylvania Turnpike traffic rules and regulations when he "was not travelling on the Turnpike and there was no minimum speed limit posted." Watley's Brief at 10.

Based on our review of the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that Watley's argument that the Commonwealth failed to present any evidence that Watley impeded traffic has merit.

Trooper Felsman, the Commonwealth's sole witness, testified that on May 11, 2016, at approximately 2:45 p.m., he was parked on the south side of Interstate 84, and monitoring the speed of vehicles going east with a hand held radar unit. N.T., 8/31/2016, at 5–7. His radar unit indicated Watley was traveling 48 miles per hour in a 65 mile-per-hour zone, and that he followed Watley for a distance of approximately two miles before stopping Watley's vehicle. *See id.* at 6–7. He further testified, as follows:

Q:  And was there traffic?  Were there other cars on the road at that time?

A:  Yes there were.

Q:  And what was the flow of traffic like at that time sir?

A:  I would say at that time in the afternoon during a week day it was like a moderate flow of traffic.  It was sunny out.  There were no adverse conditions at that time.

N.T., 8/31/2016, at 8.

On cross examination, Trooper Felsman further testified:

Q:  He was not interfering with the flow of traffic on the day of question, correct?

A:  **I believe that he would – going at that speed he was impeding the flow of traffic at that time**.  I was sitting at that spot before he drove by for approximately ten minutes with that same radar gun and I would estimate the speed of vehicles to be sixty to sixty-five miles per hour for the prior ten minutes of that.

Q.  The question Trooper was, there wasn't a car in front of [Watley] that he was – or a car behind him that was not –

A.  **Not that I observed, no**.

*Id.* at 18.

The trial court, based upon the evidence presented by the

Commonwealth, reasoned:

This Court found that Watley violated 75 Pa.C.S. § 3364(a).  The above Statute states (in pertinent part), "Except when reduced speed is necessary for safe operation or in compliance with law, no person shall drive a motor vehicle at such slow speed as to impede the normal and reasonable flow of traffic."  *Id.*

The statute further provided in section (c) that local authorities or highway departments may set a minimum speed at which it is illegal to drive below.  75 Pa.C.S. § 3364(c) (2016).  As an

example, the Pennsylvania Turnpike has enacted such a minimum speed limit under this section, in which it is illegal to drive more than 15 miles per hour under the speed limit. Pennsylvania Turnpike, Traffic Rules and Regulations:  Speed Limits, 601.4(a), https//www.paturnpike.com/travel/traffic-_rules_regulations.aspx (accessed Nov. 23, 2016).

… [Acknowledging the decisions of ***Commonwealth v. Robbins***, 657 A.2d 1003, 1004 (Pa. Super. 1995) and ***Commonwealth v. Lana***, 832 A.2d 527 (Pa. Super. 2003), the trial court continues:]

Many trial courts, while deciding on violations of the Section, required testimony regarding impediment of other vehicles on the roadway, not only the Defendant and police officer, in order to find the Defendant guilty under the Section. ***Commonwealth v. Noviho***, 2015 Pa. Dist. & Cnty. Dec. LEXIS 424 (Pa. County Ct. 2015) (Commonwealth established (1) Noviho's operation of a motor vehicle below the posted speed limit, (2) which impeded the "normal and reasonable movement of traffic."). ***See also Commonwealth v. McGrath***, 78 Bucks Co. L. Rep. 212 (2004) (traffic stop unlawful where officer testified that there was no other traffic on roadway during his interaction with defendant, so slow rate of speed could not have impeded the normal movement of traffic); ***Commonwealth v. Memminger***, No. 1481 Criminal 1999, Slip op. (Monroe Co., Feb. 23, 2000) (no reasonable suspicion of a violation of § 3364 where the only traffic on highway at the time of the stop for slow speed was defendant's car and the police car that had been following him for five miles).

However, other trial courts in our Commonwealth have ruled otherwise; the Court of Common Pleas of Lehigh County held that type of testimony is not required for a proper citation under the Section. ***Commonwealth v. Faustner***, No. 1742 of 2005, slip op. (Lehigh Co., Dec. 28, 2005) (summary vehicle code stop for "impeding traffic" lawful where no "civilian traffic" on roadway at the time, but only police officer's vehicle).

**Here, the facts that (1) Watley travelled at a speed of 48 miles per hour in a 65 mile per hour zone, and (2) Felsman believed Watley impeded the flow of traffic, establish a violation of the Section under the law.** Using the non-binding, persuasive guidelines of the Pennsylvania

Turnpike, an authority on highway travel on the turnpike system within the Commonwealth, Watley travelled at more than 15 miles under the posted 65 mile per hour speed limit. While this incident did not take place on the Turnpike, I-84 is a similar 4 lane highway through a mountainous region of the state. The Turnpike's regulation was instructive to this Court because the Turnpike determined the flow of traffic may not legally move slower than 50 miles per hour in a 65 mile per hour zone on a similar roadway.

Also, the sunny and dry conditions on I-84 on the day in question indicate no necessity to drive at a reduced speed. If the weather included rain or snow on the afternoon of May 11, 2016, Watley may have been justified in driving so far below the speed limit under the law. However, the conditions and the testimony suggest traffic flowed quickly at that time, and there was no justification to drive at a slower than normal pace to relieve Watley of liability.

**Felsman's belief that Watley's slow movement on I-84 impeded the flow of traffic is sufficient evidence to find that Watley in fact did so. The Superior Court has not held evidence to establish other vehicles besides the Defendant and police officer were impeded by the defendant is necessary, only that the flow of traffic be impeded. This Court follows the Common Pleas Court of Lehigh County in not requiring that evidence in order to find a violation of the Section. With the moderate flow of traffic that Felsman testified travelled between 60-65 miles per hour, it is reasonable to conclude that Watley did in fact impede traffic without actually causing a back-up or accident on the roadway.**

Trial Court Opinion, 11/29/2016, at 3–5 (emphasis supplied).   We disagree with the trial court's analysis for the following reasons.

Here, the trial court referenced Pennsylvania Turnpike rules and regulations that establish a minimum speed limit of 15 miles below the posted speed limit.   However, as the trial court itself recognized, "this incident did not take place on the Turnpike." Trial Court Opinion,

11/29/2016, at 5. Furthermore, no evidence was presented that local authorities had posted minimum speed limits on Interstate 84, the roadway on which Watley was travelling. *See* 75 Pa.C.S. § 3364(c), *supra*. Therefore, we find that Pennsylvania Turnpike minimum speed limits have no significance in assessing the Commonwealth's proof in this case under Section 3364(a).

Furthermore, the trial court found that Trooper Felsman's belief that Watley's slow speed impeded the flow of traffic was sufficient to establish Watley's liability. In support of the trial court's decision, the Commonwealth posits "police officers are routinely found competent to render opinions as to whether traffic violations have occurred." Commonwealth's Brief at 10, *citing* **Commonwealth v. Monosky**, 520 A.2d 1192 (Pa. Super. 1987). **Monosky**, however, is inapposite.

In **Monosky**, this Court held police officers' opinion testimony of vehicle's speed may be sufficient to sustain a conviction for a violation of driving at an unsafe speed, 75 Pa.C.S. § 3361. The **Monosky** Court reasoned that "lay people are competent to render such an opinion **if, as here, adequate opportunity existed to observe the vehicle**." *Id.* at 1194 (emphasis added). In contrast, in the present case, Trooper Felsman's opinion testimony that Watley was impeding the flow of traffic was **not based** on any observation of Watley's vehicle blocking or backing up traffic,

or causing an accident. He testified regarding what hypothetically "would"[4] occur, not anything that had actually occurred. However, Section 3364(a), as interpreted by this Court, requires proof that the defendant's slow speed "**was an impediment** to the normal and reasonable movement of traffic." **Robbins, supra**, 657 A.2d at 1004 (emphasis supplied). Therefore, we conclude Trooper Felsman's "belief" that Watley was impeding traffic was not competent to establish that Watley was "driv[ing] a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic," 75 Pa.C.S. § 3364(a).

Moreover, the **Faustner** decision, relied upon by the trial court, is a non-precedential Lehigh County Court of Common Pleas decision that addressed a suppression motion. In **Faustner**, the trial judge rejected the defendant's argument that "traffic was not impeded because there was no civilian traffic on [the] street at the time." **Faustner**, 2005 Pa. Dist. and Cnty. Dec. LEXIS 631 at *13. The trial judge concluded there was "at least reasonable suspicion for the stop and to issue a traffic citation for the summary offence [of 75 Pa.C.S. § 3364(a)." **Id.** However, in the instant case, the issue is the sufficiency of the evidence and the standard is proof beyond a reasonable doubt. Accordingly, **Faustner** has no persuasive value here.

---

[4] N.T., 8/31/2016, at 18 ("I believe that he would – going at that speed he was impeding the flow of traffic at that time.").

In sum, while Trooper Felsman testified, regarding Watley's 48 mile per hour speed in a 65 mile per hour zone, that "I believe he would — going at that speed he was impeding the flow of traffic at that time," he admitted he did not observe any vehicle behind Watley. **See** N.T., 8/31/2016, at 18. As such, there was no direct evidence or competent opinion testimony that Watley's speed affected any vehicles on the roadway. Therefore, we conclude Watley's conviction cannot stand.

Accordingly, we are constrained to vacate the judgment of sentence.

Judgment of sentence vacated. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/11/2017