610 A.2d 488

**COMMONWEALTH of Pennsylvania**

v.

**Ronald Cole PRICE, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 23, 1991.

Filed July 8, 1992.

24

Daniel S. Armagh, Washington, D.C., for appellant.

Before CIRILLO, FORD ELLIOTT and BROSKY, JJ.

CIRILLO, Judge:

This is an appeal from a judgment of sentence entered in the Court of Common Pleas of Lawrence County following appellant Ronald Cole Price's conviction for driving under the influence of alcohol. 75 Pa.C.S. § 3731(a)(1). We reverse and discharge the appellant.

Shortly after midnight on October 29, 1989, Trooper Ronald F. Wethli received a report that a car was being driven

recklessly near the junction of Routes 422 and 551 in Lawrence County. When he arrived in that area, Trooper Wethli saw Price seated in the driver's seat of an automobile. He then saw Price leave the vehicle and open its trunk at which point Wethli believed Price's gait indicated intoxication. Trooper Wethli spoke to Price. Price told the trooper that he had been driving down the road and hit a pothole which flattened a tire and broke the wheel rim, rendering the car immobile.[1] The quality of Price's speech also indicated to Wethli that Price was intoxicated. When asked to take a field sobriety test, Trooper Wethli testified that Price stated, "Okay, you got me for drunk driving. I did 30 days last time. What happens to me this time?" Trooper Wethli then arrested Price.

The matter was tried before a jury. At the close of the Commonwealth's case, Price demurred to the Commonwealth's evidence. He then proceeded to present his defense. Price introduced evidence indicating that his girlfriend had been driving the automobile prior to its breaking down, that his girlfriend went to a friend's house which was down the road for assistance leaving Price with the car, and that when she returned, Price was gone. The jury found Price guilty of driving under the influence. In response to a special interrogatory asking whether the jury "[found] beyond a reasonable doubt that defendant operated the vehicle on a public highway prior to the arrival of the police," the jury responded "no."

Price filed post-trial motions which the trial court denied. The court sentenced Price to not less than ninety days nor more than twenty-three and one-half months incarceration. This timely appeal followed.

■ Price raises fifteen issues for our consideration. We need only address the following issue, however, to fully dispose of this case: whether the court erred when it failed to grant appellant's demurrer to the Commonwealth's evidence that appellant was an operator in violation of 75

1. The Commonwealth admits that the vehicle was inoperable when the police arrived.

Pa.C.S. § 3731(a)(1). Before reaching the merits of this issue, we must address a procedural matter. Normally, a defendant's presentation of evidence after a demurrer to the evidence waives this issue for appeal purposes. *Commonwealth v. Ilgenfritz*, 466 Pa. 345, 353 A.2d 387 (1976); *Commonwealth v. Mignogna*, 401 Pa.Super. 188, 585 A.2d 1 (1990). However, an appellate court may treat the motion on appeal as a challenge to the sufficiency of the evidence. *Id.*

Although Price has failed to brief a sufficiency of the evidence argument, we have the complete trial transcript before us and are quite aware of our standard of review. We, therefore, can effectively review this issue on appeal. In reviewing claims of sufficiency of the evidence, we apply the following standard of review:

> [W]hether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to find every element of the crime beyond a reasonable doubt.... The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.... Moreover, in applying the above test, the entire trial record must be evaluated and all evidence actually received must be considered.... Finally, the trier of fact, while passing upon the credibility of the witnesses and the weight to be afforded the evidence produced, is free to believe all, part or none of the evidence. (Citations omitted.)

*Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986) (citing *Commonwealth v. Harper*, 485 Pa. 572, 576–77, 403 A.2d 536, 538–39 (1979)). Our review of the record leads to the conclusion that there was insufficient evidence to render a guilty verdict.

 In order to meet its burden of proof in this case the Commonwealth must prove that: (1) Price was driving, operating or in actual physical control of the automobile, and (2) while under the influence of alcohol to a degree

which rendered him incapable of safe driving. 75 Pa.C.S. § 3731(a)(1); *Griscavage, supra, Commonwealth v. Labelle,* 397 Pa.Super. 179, 579 A.2d 1315 (1990). Here, the Commonwealth has failed to prove beyond a reasonable doubt that Price was driving, operating or in actual physical control of the automobile.

First, the jury's response to the special interrogatory on the verdict slip indicates that it was not persuaded by the Commonwealth's evidence that Price had driven or operated the vehicle prior to its immobility. The interrogatory stated as follows: "Did you find beyond a reasonable doubt that defendant operated the vehicle on a public highway prior to the arrival of the police?" The jurors' response to this question was "no." Thus, it is clear that any disputes which may have arisen regarding Price's driving or operating the vehicle were resolved in favor of Price. The jury found, however, that Price was guilty because he was in actual physical control of the vehicle.

The record, however, does not support such a finding. Trooper Ronald F. Wethli, the arresting officer, testified that he approached Price's car and stood about three feet from the vehicle. He further stated:

I looked in the window, the car wasn't running nor were the lights on but he was sitting there with the keys in hand and for just three or five seconds he ignored me, then he got out of the vehicle, walked to the back of the vehicle, and it was like a hatch back, he opened it up with the key.

The testimony of the defense witnesses indicates that the car had been driven by Price's girlfriend, who hit a pothole causing a flat tire and a broken wheel rim. She went to a friend's house, which was approximately a mile to a mile and one-half from where the car broke down, leaving Price behind.

Merely because Price sat in the driver's seat of the car, which was not running, and held the keys to the trunk in his hand does not rise to the level of actual physical control necessary to support a conviction for driving under

the influence. A brief review of the cases which considered the concepts of actual physical control reveals that, *at a very minimum*, a parked car should be started and running before a finding of actual physical control can be made. *See, e.g., Commonwealth v. Bobotas*, 403 Pa.Super. 136, 588 A.2d 518 (1991) (car running with defendant in parked car); *Commonwealth v. Kloch*, 230 Pa.Super. 563, 327 A.2d 375 (1974) (automobile parked, lights on, engine running, driver asleep behind steering wheel); *Commonwealth, Department of Transportation v. Farner*, 90 Pa.Commw. 201, 494 A.2d 513 (1985) (engine running, transmission in park, brake lights on, person behind wheel with hands on steering wheel); *Commonwealth v. Kallus*, 212 Pa.Super. 504, 243 A.2d 483 (1968) (car immobile in snow bank, engine running). In this case, however, the police found Price in the driver's seat, with the engine and lights off and the keys out of the ignition. These facts fall far short of the degree of control required by the aforementioned precedents.

There are myriad reasons to leave keys to a stranded car with a person who is waiting with it while another seeks assistance. Obviously, if the person waiting should accidently lock himself or herself out of the car, the key would provide access. The key may be necessary to open windows on a warm evening or to allow for heat on colder evenings. The key also provides access to the radio and the lights, both interior and exterior, without draining a car's battery. Merely possessing keys while seated in a parked car is not adequate to warrant a finding of actual physical control sufficient to sustain a conviction for driving under the influence. There must be some indicia that the intoxicated person, who was seated in the car, had actual physical control of the vehicle. The facts of this case do not indicate such an inference.

The jury credited the testimony of Price's girlfriend that she had operated the vehicle for the entire evening prior to its becoming inoperable. The Commonwealth admitted that the vehicle was inoperable when the police arrived. The

jury's answer to the special interrogatory indicated that appellant did not drive the vehicle prior to it becoming inoperable. Thus, the Commonwealth's case is rendered meritless. Price was not driving the car *before* it became inoperable, and he could not drive the car *after* it became inoperable. There was simply no danger of him driving the car at all. Therefore, the Commonwealth has failed to meet its burden of proving the element of actual physical control and, thus, failed to demonstrate sufficient evidence to support Price's conviction.

Finally, the requirements of proof of driving, operation or actual physical control under the statute form the basis for the inference that a person was *previously* operating the car. It is when one of these requirements coexists with intoxication that a crime is committed. The legislature, however, did not intend to make it a crime to merely sit in a car while intoxicated.

Judgment of sentence reversed. Appellant discharged.

FORD ELLIOTT, J., dissents.