638 A.2d 1013

**COMMONWEALTH of Pennsylvania**

v.

**Randolph WOODS, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed March 16, 1994.

430

Christopher L. Blackwell, Washington, for appellant.

Michael J. Fagella, Asst. Dist. Atty., Washington, for Com., appellee.

Before CIRILLO, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

This is an appeal from a judgment of sentence for the crimes of Criminal Trespass and Firearms Not to be Carried Without a License. Because there was no abuse of discretion or error of law by the trial court, we affirm.

The evidence established that Appellant and his estranged wife were separated but he had consensual visitation with their four children. At some point, his wife stopped the visitation and Appellant petitioned for a custody hearing to reestablish his contact with the children. Frustrated and distraught over his lack of visitation, Appellant went to the marital residence, where his wife was home with the children. Carrying a loaded gun, he beat on the door, gained entry and then fired the weapon. Appellant was charged with Attempted Homicide, Recklessly Endangering Another Person, Crimi-

nal Trespass and Firearms Not to be Carried Without a License.

At trial, Appellant maintained that he had entered the residence with the intention of committing suicide in the presence of his wife and children, and that the knife wounds sustained by his wife were the result of her attempts to prevent him from stabbing himself. He also testified that he accidentally discharged his gun before his intended suicide could be completed. The jury apparently found Appellant's testimony to be credible, as they acquitted him of Attempted Homicide and Recklessly Endangering Another Person.

Appellant was sentenced to seven and one-half to fifteen months imprisonment on the Criminal Trespass conviction, and received a consecutive sentence of four to eight months imprisonment on the Firearms Not to be Carried Without a License conviction.

Appellant raises four issues for our review:

1) Whether the evidence was sufficient to sustain the verdict of guilty of Criminal Trespass?

2) Whether the evidence was sufficient to sustain the verdict of guilty of Firearms Not to be Carried Without a License?

3) Whether the trial court erred in denying Appellant's demurrer to the charge of Firearms Not to be Carried Without a License?

4) Whether Appellant was denied his constitutional right to representation by a competent attorney?

In determining whether there was sufficient evidence to support Appellant's convictions, we must view the evidence, and all the reasonable inferences therefrom, in the light most favorable to the Commonwealth as the verdict winner. *Commonwealth v. Edwards,* 521 Pa. 134, 555 A.2d 818 (1989). We then must determine whether that evidence would enable the trier of fact to find every element of the crimes proven beyond a reasonable doubt. *Id.* Moreover, the entire trial record must be evaluated and all evidence actually received must be considered. *Commonwealth v. Price,* 416

Pa.Super. 23, 610 A.2d 488 (1992). The trier of fact is free to believe all, part or none of the evidence. *Id.*

■ Appellant asserts that the evidence was insufficient to show that he knew he was not licensed or privileged to enter the home. The record demonstrates that Appellant and his wife had been estranged and were living apart for some time when the incident occurred. Appellant had to enter the home by force since his wife would not allow him inside. Thus, there is sufficient evidence on the record to support the findings required by 18 Pa.C.S.A. § 3503(a)(1).

■ In regard to Appellant's conviction for carrying a firearm without a license, he asserts that the "lack of licensure" element of 18 Pa.C.S.A. § 6106(a) was not adequately proven by the Commonwealth, who bears the burden of proving this element at trial. *Commonwealth v. McNeil,* 461 Pa. 709, 337 A.2d 840 (1975). The only evidence offered by the Commonwealth to prove non-licensure was the testimony of a Deputy Sheriff of Washington County. The deputy testified that Appellant had no license to carry a concealed weapon issued by the sheriff of Washington County. Appellant argues that because the Commonwealth failed to establish non-licensure in the *entire state,* the evidence was insufficient to support his conviction.

Appellant cites *Commonwealth v. Bryant,* 341 Pa.Super. 123, 491 A.2d 181 (1985) in support of his contention that mere proof of non-licensure in a specific county is insufficient to satisfy proof of non-licensure. In *Bryant,* the Commonwealth produced the assistant chief of police for the City of Beaver Falls, who testified that his police ledger revealed that no gun permit had been issued to the defendant. This court held that because the prosecution could easily verify the existence or absence of a defendant's licensure by contacting the State Police in Harrisburg and requesting a check of its records, there was no justification for the Commonwealth claiming that it need only prove the defendant's non-licensure in Beaver Falls, the locality where the charge arose. This holding was based upon the fact that at that time, 18 Pa.C.S.A. § 6109(a),

which provides for the issue of licenses to carry firearms, authorized local officials to issue gun permits not only to residents of the locality, but also to any citizen in the Commonwealth. Thus, to permit the Commonwealth to prove non-licensure merely by showing non-licensure in the city in which the offense occurred would have rendered ineffectual the language in § 6109(a) authorizing local officials to issue a license to "any person ... within this Commonwealth" without regard to residency.

■ Since our holding in *Bryant*, however, § 6109 has been amended to provide that if an applicant for a license to carry a firearm is a Commonwealth resident, the license application must be made to the sheriff of the county of residency or with the chief of police of a city of the first class, if the applicant is a resident of that city. 18 Pa.C.S.A. § 6109(b). Thus, in the instant case, the testimony of the Deputy Sheriff of Washington County, where Appellant resided, concerning Appellant's non-licensure in that county was sufficient proof of the non-licensure element of § 6106, since Appellant was required by statute to apply for a license in the county where he resided. *Bryant*, therefore, is no longer applicable, since the statute upon which its holding was based has been amended to limit the possible issuing authorities, and we now hold that evidence of non-licensure by the appropriate issuing authority of a defendant's place of residence at the time of arrest meets the Commonwealth's burden of proof on the element of non-licensure as required by § 6106.

■ Our holding today does not shift the burden of proof to establish non-licensure under § 6106(a) to the defendant in violation of *McNeil*, supra. We are cognizant that non-licensure is the essential element of the crime of carrying a firearm without a license, and that the Commonwealth has the burden of establishing this element beyond a reasonable doubt. In *Commonwealth v. Sojourner*, 268 Pa.Super. 488, 408 A.2d 1108 (1979), the defendant was convicted under the Controlled Substance, Drug, Device and Cosmetic Act (CSDDCA), 35 P.S. § 780–113, for possession with intent to deliver heroine.

In that case, we discussed our supreme court's *McNeil* decision since the defendant in that case relied upon it to support his position that the Commonwealth has the burden of going forward with evidence of non-authorization and the burden of persuasion in every case. The defendant in *Sojourner* also argued that the non-licensure element in the firearms act and the non-authorization element under the CSDDCA were so similar that *McNeil* precluded the placing of the burden of going forward with evidence of authorization on him. We disagreed with this contention and explained that defendant's reading of *McNeil* was too broad.

In *Sojourner*, we determined that a defendant who is accused of an offense under the CSDDCA has the burden to come forward with some evidence of authorization before the Commonwealth need disprove authorization beyond a reasonable doubt. We agreed with the Commonwealth's reasoning that the CSDDCA would become practically unenforceable if the prosecution were required to disprove, in all cases, every possible type of authorization to possess controlled substances which the CSDDCA recognizes; a requirement that the defendant present some evidence of a particular type of authorization in support of his defense would make the Commonwealth's duty easier and the purposes of the CSDDCA would remain intact. We further noted in *Sojourner* that, following *McNeil*, the Supreme Court in *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.ED.2d 281 (1977), determined that the burden of going forward with evidence of all elements of a criminal offense does not necessarily lie with the Commonwealth from the beginning, and the defendant may be required to produce some evidence concerning an element of an offense. We also cited with approval the dissent in *Patterson* by Justice Powell in which he stated:

> ... even as to those factors upon which the prosecution must bear the burden of persuasion, the State retains an important device to avoid jury confusion and prevent the prosecution from being unduly hampered. The State normally may shift to the defendant the burden of production, that is, the burden of going forward with sufficient evidence

'to justify [a reasonable] doubt upon the issue.' *Patterson v. New York*, 432 U.S. at 230–31, 97 S.Ct. at 2338.

*Sojourner*, 408 A.2d 1108, 1114.

We concluded in *Sojourner* that such a procedural device was appropriate for prosecutions under the CSDDCA. Although we recognized in *Sojourner* that *McNeil* restrains us from the use of any procedural device for placing the burden of production or going forward with evidence of licensure on the defendant under the firearms act, there was a greater need to place this burden on the defendant under the CSDDCA. We reasoned that the firearms act provides for a central repository for all licenses with the Pennsylvania State Police Commissioner so that in most cases it would not be very difficult for the Commonwealth to obtain proof of non-licensure. Compared to the numerous types of authorizations to possess, manufacture or deliver controlled substances, drugs, devices or cosmetics under the CSDDCA, the need for having defendant identify his source of authorization to carry a firearm is diminutive. Moreover, the appropriateness of placing the burden on the defendant to go forward with evidence was some what in doubt at the time that our supreme court decided *McNeil* which preceded *Patterson v. New York*, supra. by a few years; therefore, *McNeil*, did not enjoin us in *Sojourner* from requiring a defendant who has been accused of violating the CSDDCA to provide evidence of authorization.

We are not modifying our rationale in *Sojourner* to require the defendant to go forward with evidence of licensure, but, since § 6109 of the firearms act has been amended, we find it unnecessary to require the Commonwealth, in every case, to obtain a certified copy of the defendant's license from the Pennsylvania State Police Commissioner as the exclusive method of establishing beyond a reasonable doubt the element of non-licensure under § 6106. Even though the State Police Commissioner maintains a repository for firearm licenses, and, it may not be unduly burdensome to procure a copy of a license from the State, we do not think that the Commonwealth · need go to that extent to prove, beyond a reasonable doubt, that appellant did not have a license to carry a gun.

Section 6109(b) mandates that a resident of this Commonwealth apply with the sheriff of a county in which he resides or, if a resident of a city of the first class, to apply with the chief of police of that city for a license to carry a firearm. Thus, when the Deputy Sheriff of Washington County testified that appellant was a resident of that county and no license to carry a firearm had been issued to him in that county, this was sufficient to establish the element of non-licensure beyond a reasonable doubt. If appellant could negate this evidence, then he should have presented the evidence in his defense. The law only requires the Commonwealth to establish the essential elements of a crime beyond a reasonable doubt, not beyond all doubt.

Contrary to our previous concerns in *Bryant*, supra, before § 6109 was amended, we are not rendering the language of the statute requiring that all licenses be forwarded to the State Police Commissioner inoperative. A repository such as the one required by the statute was not created for the sole purpose of retaining evidence for the prosecutor in firearms' cases. The repository for firearms licenses also functions as an auxiliary in the case that the records maintained by the county sheriff or police chief are destroyed or damaged, and it also provides the state with information on the number of firearms licenses issued, among other reasons. We must acknowledge the difference between the former § 6109 and the amended statute because our Legislature intended that every statute be construed to give effect to all of its provisions. 1 Pa.C.S.A. § 1921. "A change in the language of a statute ordinarily indicates a change in the legislative intent." *Commonwealth v. Pierce*, 397 Pa.Super. 126, 579 A.2d 963 (1990), appeal denied, 527 Pa. 609, 590 A.2d 296 (1991). Accordingly, the amended language in § 6109(b), which limits the authorities to whom a person whom apply to receive a firearms license in this Commonwealth, now establishes that sufficient evidence of a violation of the statute will exist where there is evidence of non-licensure from the issuing authority of the defendant's county of residence.

■ Appellant's third contention is that the trial court should have granted his motion for a demurrer because there was no evidence indicating where the gun came from or that it was ever "concealed on or about" his person, as required by § 6106(a). When a demurrer is denied and the defendant proceeds with his case and presents a defense, the defendant cannot challenge the propriety of the the denial on appeal; however, the appellate court may treat the motion on appeal as a challenge to the sufficiency of the evidence. *Commonwealth v. Price,* supra. Since appellant testified and offered evidence, we next apply this standard of review to his claim of sufficiency of the evidence. Applying this analysis, the record reveals that Appellant carried a firearm in his vehicle. (N.T., 7/18/91, pp. 161, 185.) Also, Appellant testified at trial that the gun was in fact concealed in his pocket as he talked to his children. (N.T., 7/18/91, p. 192.) Thus, contrary to Appellant's assertion, not only did he carry a loaded firearm in his vehicle without having a license, but he also had the firearm concealed on his person at the time of the incident. Therefore, reviewing this evidence in a light most favorable to the Commonwealth, it was sufficient to find every element of the crime beyond a reasonable doubt.

■ Appellant's final contention is that he was denied effective assistance by trial counsel because the post-verdict motions alleging insufficient evidence merely contained boilerplate language and gave no specific reasons in support of the allegations of insufficiency. Accordingly, the trial court denied Appellant's motions.

■ In evaluating a claim of ineffective assistance, we must determine whether the underlying argument which counsel has foregone is of arguable merit; whether counsel's chosen course of action was designed to effectuate his client's best interests; and whether counsel's actions resulted in prejudice to the defendant. *Commonwealth v. Durst,* 522 Pa. 2, 559 A.2d 504 (1989); *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Pierce,* 515 Pa. 153, 527 A.2d 973 (1987). In the instant case, the evidence on the

record demonstrates that Appellant's sufficiency arguments do not possess arguable merit. Accordingly, Appellant suffered no prejudice by counsel's omission of specific reasons in support of the allegations of insufficiency. Accordingly, we hold that Appellant was not denied effective assistance of counsel.

Judgment of sentence affirmed.

JOHNSON, J., files a concurring statement.

JOHNSON, Judge, concurring.

Randolph Woods contends that there was insufficient evidence upon which to convict him of carrying a firearm without a license, 18 Pa.C.S. § 6106(a). The only case authority advanced by Woods to support his contention is *Commonwealth v. Bryant*, 341 Pa.Super. 123, 491 A.2d 181 (1985). That case was decided prior to the 1988 amendments to the Pennsylvania Uniform Firearms Act.

The evidence presented by the Commonwealth on this appeal was sufficient to establish that Woods had not complied with § 6109(b), requiring application for licensure with the sheriff of the county in which Woods resides. Given the limited argument advanced by Woods, I would leave to another day the consideration of questions which might arise in future, unrelated litigation.

I concur in the conclusion that the argument on sufficiency of the evidence is without merit and the judgment of sentence must be affirmed.