J-S34037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEMERE L. PEARSON :
:
Appellant : No. 1163 WDA 2022

Appeal from the Judgment of Sentence Entered August 19, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0008537-2019

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED: October 10, 2023**

Jemere L. Pearson (Appellant) appeals from the judgment of sentence imposed after the trial court convicted him of one count each of driving under the influence (DUI) and driving while operating privilege is suspended or revoked.[1]  We affirm.

The trial court recounted the following facts:

On June 14, 2019, Officer Benjamin Gery of … [the] City of Pittsburgh Police was dispatched for a vehicular accident at Fifth Avenue.  Upon arrival[,] Officer Gery observed a black Audi parked down the street from a tree that had been struck and the vehicle had heavy front-end damage.  (T.T. 5-6).  He approached the vehicle and observed Appellant[, the owner of the car,] in the driver's seat[; Appellant's sister was also present, sitting in the front passenger seat].  (T.T. 7).  Appellant was disoriented with slurred speech and glassy eyes.  He was unable to provide his registration upon request, instead giving the officer some type of pamphlet.  (T.T. 8-10).  Appellant was removed from the vehicle

_____

[1] 75 Pa.C.S.A. §§ 3802(a)(1) and 1543(a).

and refused to submit to field sobriety tests. Appellant was taken into custody due to [Officer Gery's] belief [that Appellant] was under the influence of alcohol to a degree that rendered him incapable of safe driving, and transported to Zone 6 for an intoxilyzer test per Appellant's consent. However, once at the police station, he was deemed a refusal. (T.T. 10, 13-15, 24-25). Appellant's driver history showed that he had a suspended driver's license[.] (T.T. 15). Appellant was arrested and charged herein.[4]

> [4] The Commonwealth introduced a video which captured Appellant at the scene and at the Zone 6 station.

Trial Court Opinion, 1/30/23, at 4 (one footnoted omitted, one in original).

The trial court held a bench trial on August 15, 2022, and found Appellant guilty of both charges. On August 19, 2022, the trial court sentenced Appellant to six months of probation and a $300 fine. Appellant timely appealed.[2]

Appellant raises a single issue for review:

Was the evidence insufficient to sustain the conviction at Count I — DUI because the Commonwealth did not prove beyond a reasonable doubt that [Appellant] drove, operated or was in actual physical control of the disabled vehicle where police found his sister and him?

Appellant's Brief at 4.

Appellant challenges the sufficiency of the evidence. In reviewing this claim, "we 'must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a

_____

[2] Appellant and the trial court have complied with Pa.R.A.P. 1925.

reasonable doubt.'" ***Commonwealth v. Clemens***, 242 A.3d 659, 664 (Pa. Super. 2020) (citation omitted). "[T]he Commonwealth's evidence need not preclude every possibility of innocence in order to prove guilt beyond a reasonable doubt," and the Commonwealth may prove each element of the crime through circumstantial evidence. ***Id.*** at 665. It is within the purview of the fact-finder to determine which evidence to believe — all, part, or none — and we do not reweigh the evidence on sufficiency review. ***Id.***

Appellant was charged with DUI (General Impairment/Incapable of Driving Safely) of the Vehicle Code, which provides:

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1). To sustain a conviction under Subsection 3802(a)(1), the Commonwealth must prove "the accused was driving, operating or in actual physical control of the movement of the vehicle during the time when he or she was rendered incapable of safely driving due to the consumption of alcohol." ***Commonwealth v. Segida***, 985 A.2d 871, 879 (Pa. 2009) (holding Subsection 3802(a)(1) is an "at the time of driving" offense).

Appellant contends the Commonwealth failed to establish that he was operating the vehicle while under the influence.[3] Appellant's Brief at 10-17.

> "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." **Commonwealth v. Johnson**, 833 A.2d 260, 263 (Pa. Super. 2003).
>
> "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." **Commonwealth v. Woodruff**, [ ], 668 A.2d 1158, 1161 ([Pa. Super.] 1995). A determination of actual physical control of a vehicle is based upon the totality of the circumstances. [**Commonwealth v.**] **Williams**, [871 A.2d 254, 259 (Pa. Super. 2005)]. "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." **Johnson**, **supra** at 263.

**Commonwealth v. Toland**, 995 A.2d 1242, 1246 (Pa. Super. 2010).

> Appellant argues:
>
> The Commonwealth's evidence revealed that more than four hours elapsed between the time that police received a dispatch that the vehicle hit a tree and when they arrived at the scene. Though [Appellant] was in the driver's seat when police arrived, it was certainly reasonable that he moved to that location at some point during the long wait period.
>
> No other evidence established [Appellant] drove. [Appellant] and his sister told police that he was not the driver, and there were no eyewitnesses.

---

[3] By not challenging the sufficiency of the evidence underlying his conviction for driving while operating privilege was suspended or revoked, Appellant concedes the evidence was sufficient to show he drove "a motor vehicle on any highway or trafficway[.]" 75 Pa.C.S.A. § 1543(a).

Appellant's Brief at 10.

In rejecting this argument, the trial court stated:

Contrary to Appellant's assertion, the testimony and evidence admitted at trial, which included the video of Appellant's conduct at the scene and at the Zone 6 police station, established that Appellant was the driver and owner of the vehicle which he wrecked [because] of his intoxicated state, thus causing significant front-end damage. Specifically, he was observed by Officer Gery in the driver's seat, disoriented, with slurred speech and glassy eyes. Further, he was unable to produce a valid vehicle registration or driver's license. He refused to submit to field sobriety tests and was later deemed a refusal when officers attempted to [perform] an intoxilyzer test on him at the police station.

Based upon the totality of the circumstances, it is clear that Appellant operated and/or was in actual physical control of the vehicle at the time Officer Gery arrived, and had consumed an amount of alcohol that rendered him incapable of safe driving. [*See Williams*, 871 A.2d at 258-61] (holding evidence was sufficient to convict the defendant of DUI[,] finding [defendant] was in actual physical control of the vehicle while under the influence of alcohol, even though another individual claimed to have been driving, when the police found the vehicle with the engine running, headlights on, and defendant asleep in the driver seat with his hands on the wheel and head resting on his hands).

Trial Court Opinion, 1/30/23, at 6-7.

The record supports the trial court's rationale. Appellant improperly views the evidence in the light most favorable to his argument. *See Clemens*, 242 A.3d at 664; Appellant's Brief at 10-17. At trial, Appellant claimed there was a four-hour delay between the time police were notified of the accident and their arrival at the scene. Officer Gery testified he received the dispatch call at 12:41 a.m., but did not know how much time passed from when he

received the call to when he arrived at the accident scene. N.T., 8/15/22, at 18-19. Video taken from another officer's camera was time-stamped 4:45 a.m. *Id.* at 12 (Video 1). However, the Commonwealth introduced the DL-26 form and breathalyzer report which indicated they were executed and administered at the police station shortly after 2:00 a.m. *See* Commonwealth Exhibits 3 and 5; N.T., 8/15/22, at 10-11. Thus, the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove that police arrived at the accident scene approximately one hour after receiving the dispatch call.

Neither Appellant nor his sister testified at trial, although Appellant refers to the recorded statements he and his sister made on the police video. *See* Video 1. Notably, Appellant and his sister contradicted each other. *Id.* Appellant claimed his sister was the driver, while his sister denied driving, and claimed an unknown third party was driving the car. *Id.* It was well within the discretion of the trial court to not credit the unsworn, recorded statements of Appellant and his sister. *Clemens*, 242 A.3d at 665; *see also Commonwealth v. Smith*, 206 A.3d 551, 557 (Pa. Super. 2019) ("the finder of fact, while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.") (citation omitted).

Further, we are unpersuaded by Appellant's reliance on *Commonwealth v. Price*, 610 A.2d 488 (Pa. Super. 1992). *See* Appellant's

Brief at 14-15. In *Price*, police responded to a complaint of reckless driving and found the defendant sitting alone in a disabled vehicle and displaying signs of intoxication. *Price*, 610 A.2d at 488-89. The defendant claimed his girlfriend had been driving the car when it broke down, and had gone to seek help from a friend who lived nearby. *Id.* at 489. At trial, the defendant produced several witnesses who corroborated his account. *Id.* However, the jury convicted the defendant of DUI. *Id.* The defendant appealed, and this Court reversed the judgment of sentence. We noted evidence indicating the jury's response to a special interrogatory asking whether the Commonwealth proved beyond a reasonable doubt that the defendant had been operating the vehicle; the jury had responded "no." *Id.* We determined the jury had credited the defendant's witnesses. *Id.* at 490. This Court's disposition reversing the judgment of sentence was based on our conclusion that the Commonwealth "failed to meet its burden of proving the element of actual physical control and, thus, failed to demonstrate sufficient evidence to support [the defendant's] conviction." *Id.* at 491.

Here, Appellant did not present any evidence to corroborate his version of events. Unlike *Price*, there is nothing in the record to indicate the trial court, sitting as finder-of-fact, deemed the Commonwealth's evidence insufficient. In sum, Appellant's claim that the evidence was insufficient to sustain his conviction for DUI does not merit relief. *See Commonwealth v. Corbett*, 253 A.3d 304 (Pa. Super. 2021) (unpublished memorandum at 7-

8)[4] (rejecting appellant's reliance on **Price**, **supra**, and finding the evidence sufficient to show appellant drove while intoxicated where a witness observed appellant alone and slumped out of the car's window; the car belonged to appellant's boyfriend; and evidence showed the car had been recently driven).

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

10/10/2023

---

[4] **See** Pa.R.A.P. 126(b) (unpublished non-precedential memoranda decision of Superior Court filed after May 1, 2019, may be cited for persuasive value).