J-A03013-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL LEE FOUST | : | |
| | : | |
| Appellant | : | No. 706 WDA 2023 |

Appeal from the Judgment of Sentence Entered May 17, 2023
In the Court of Common Pleas of Clarion County Criminal Division at
No(s):  CP-16-CR-0000094-2022

BEFORE:  BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BOWES, J.:                    **FILED: March 14, 2024**

Michael Lee Foust appeals from the judgment of sentence of seventy-two hours to six months of incarceration for his first offense of driving under the influence of a combination of alcohol and drugs ("DUI").  We affirm.

We glean the following history from the certified record.  At 6:00 p.m. on November 12, 2021, Pennsylvania State Police were dispatched to the intersection of Cemetery Road and Craig Road, in Licking Township, for a report of a male passed out in the driver's seat.  Trooper Shawn Floor arrived on scene at 6:04 p.m., and observed Appellant, alone, slumped and unresponsive in the driver's seat.  After Appellant failed to stir in response to verbal commands, the trooper reached through the open window to shake Appellant awake.  When Appellant regained consciousness, he was confused and drowsy, had glassy bloodshot eyes, and emitted a faint odor of alcohol

when he spoke. Trooper Floor asked Appellant to exit the vehicle, and he complied.

Trooper Joshua McGinnis arrived on scene at 6:20 p.m., after Appellant had exited his vehicle. The trooper immediately smelled the odor of an alcoholic beverage on Appellant's breath, and observed Appellant's speech as "slow and sluggish," his eyes to be "extremely bloodshot," and his eyelids tremoring. *See* N.T. Bench Trial, 2/13/23, at 14. When Trooper McGinnis asked Appellant, who lived in Kittanning, what he was doing in this remote stretch of farmland within an Amish community, Appellant responded that he had "pulled over on the side of the road because he just got done working a lot of hours." *Id*. at 15. Appellant underwent field sobriety tests and consented to both a preliminary breath test, which was presumptively positive for alcohol, and a blood draw, which revealed the presence of fentanyl, amphetamine, methamphetamine, and alcohol. Appellant reported that he had "recently" used methamphetamine, but was unsure when, and had a couple of beers at an undisclosed time. *Id*. at 30. Before arranging for the vehicle to be towed, the trooper collected the keys and Appellant's phone from inside. Undefined "needles" were recovered during a subsequent search. *Id*. at 28.

Based on the foregoing, Appellant was charged with DUI and illegal parking. Appellant proceeded to a bench trial, where he conceded impairment but contested whether the Commonwealth had proven he was in control of the vehicle. The court disagreed, convicting him of DUI but acquitting him of

the summary offense. Appellant was sentenced as indicated hereinabove and ordered to pay the costs of prosecution.

This timely appeal followed. Appellant filed a court-ordered Pa.R.A.P. 1925(b) statement, and the trial court responded with a Rule 1925(a) opinion. In this Court, Appellant has narrowed his issues on appeal to a single question: "Whether the trial court erred in concluding that the Commonwealth had proven beyond a reasonable doubt that Appellant drove, operated[,] or was in actual physical control of his vehicle while impaired?" Appellant's brief at 5 (unnecessary capitalization omitted).

We review Appellant's issue in light of the following legal precepts:

> When reviewing a challenge to the sufficiency of the evidence, we must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail. This standard applies equally where the Commonwealth's evidence is circumstantial.

*Commonwealth v. Fallon*, 275 A.3d 1099, 1105 (Pa.Super. 2022) (cleaned up).

Appellant was convicted of DUI pursuant to 75 Pa.C.S. § 3802(d)(3), which provides as follows:

> **(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> . . . .

> (3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(d)(3).

Here, Appellant challenges whether the Commonwealth proved beyond a reasonable doubt that he operated, drove, or was in actual physical control of the vehicle. In that regard, we have provided the following guidance:

> The term "operate" requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion. The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating[,] or in actual physical control of a motor vehicle. Courts review a combination of the following factors to determine whether a person had "actual physical control" of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle. A determination of actual physical control of a vehicle is based upon the totality of the circumstances.

*Fallon*, 275 A.3d at 1105 (cleaned up). We reiterate, "the suspect location of the vehicle, which supports an inference that it was driven, is a key factor in a finding of actual control." *Commonwealth v. Brotherson*, 888 A.2d 901, 905 (Pa.Super. 2005) (citations omitted).

Appellant assails the Commonwealth's lack of testimony about how long his vehicle had been parked on the roadway and contends that "merely being in the driver's seat while impaired does not establish actual physical control." Appellant's brief at 13. Instead, he posits that the Commonwealth must prove additional facts, such as the keys being in the ignition, the engine running, or illuminating the vehicle's lights. *Id*.

- 4 -

For support, Appellant cites this Court's decision in *Commonwealth v. Price*, 610 A.2d 488 (Pa.Super. 1992). In *Price*, the jury specifically made a finding that Price had not been driving the car while impaired and that his girlfriend had instead been driving when she hit a pothole, incapacitating the car. Since he did not drive the car, the evidence had to establish that Price was in actual physical control of the car after it had broken down in order to sustain his DUI conviction. Considering this sub-element, the *Price* Court clarified that "[t]here must be some *indicia* that the intoxicated person, who was seated in the car, had actual physical control of the vehicle." *Price*, 610 A.2d at 490. Reviewing our prior case law, we held that "at a very minimum, a parked car should be started and running before a finding of actual physical control can be made." *Id*. (cleaned up). Ultimately, this Court concluded that Price's presence in the driver's seat and possession of the keys while the car was inoperable and not running were insufficient because he "was not driving the car **before** it became inoperable, and he could not drive the car **after** it became inoperable." *Id*. at 491 (emphases in original).

We determine *Price* to be an inapt comparison. Here, Appellant was not merely sitting in an inoperable vehicle while intoxicated. Furthermore, the factfinder did not determine that someone other than Appellant had parked the vehicle. Although we do not know precisely when Appellant pulled over, nor when he ingested the drugs and alcohol, Appellant admitted that he drank some beers and had taken methamphetamine "recently." In making these admissions, he in no way indicated that he had done so **after** parking the

vehicle, much less offer evidence of so doing.  While there was testimony that nondescript "needles" were located inside the vehicle and an argument made that they were used to inject methamphetamine after pulling over, there was no testimony as to when they were used or for what purpose.  As for Appellant's alcohol consumption, the troopers did not recover any beer containers from within the vehicle, which one would expect to find if Appellant had imbibed alcohol after pulling over.

Critically, Appellant lived in Kittanning but his vehicle was parked, during the evening hours, in a relatively far and remote area.  Appellant told the troopers that **he had pulled the vehicle over** after a long workday, and the keys were located inside the vehicle, where Appellant had been found unconscious behind the steering wheel.  Further, the location of the stopped vehicle supported the inference that Appellant had driven the vehicle while impaired.  Appellant declined to safely park off the roadway in the adjacent field.  Instead, he stopped in the middle of the travel lane, dangerously obstructing an intersection frequented mainly by horse and buggy, and neglected to activate his hazard lights to warn of the vehicle's presence in the darkening roadway.  This evidences a hasty stop due to impairment, not a plan to park in the middle of an Amish community, imbibe alcohol and drugs, and then sleep in the shut-down vehicle, in November, until sober.  ***See Brotherson***, 888 A.2d at 905 (concluding that "[t]he highly inappropriate location of the car-on the basketball court of a gated children's playground-

created a strong inference that it was an already intoxicated [defendant] who had driven the car to that spot").

Given the totality of the circumstances after reviewing the evidence in the light most favorable to the Commonwealth, the evidence in the case *sub judice* was sufficient to establish that Appellant had driven the vehicle while intoxicated to the point of being unable to safely drive. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/14/2024