J-A06036-24

2024 PA Super 93

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRIAN KENNETH DOURLAIN | : | |
| | : | |
| Appellant | : | No. 1005 WDA 2023 |

Appeal from the Judgment of Sentence Entered August 4, 2023
In the Court of Common Pleas of Mercer County Criminal Division at
No(s):  CP-43-CR-0000072-2023

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

OPINION BY BECK, J.:                                     **FILED: MAY 9, 2024**

Brian Kenneth Dourlain ("Dourlain") appeals from the judgment of sentence entered by the Mercer County Court of Common Pleas (the "trial court") following his guilty plea to driving under the influence of alcohol or a controlled substance ("DUI") – highest rate of alcohol.[1]  On appeal, Dourlain argues that the trial court erred in determining that his DUI conviction should be treated as his third offense in ten years for grading and sentencing purposes based on its treatment of his prior conviction in Ohio of physical control of a vehicle while under the influence ("PCVUI")[2] as a prior offense under the Pennsylvania DUI statute.  Because we conclude that the trial court wrongly determined that Ohio's PCVUI offense is substantially similar to

---

[1]  75 Pa.C.S. § 3802(c).

[2]  R.C. § 4511.194(B)(1).

Pennsylvania's offense of DUI, we vacate Dourlain's judgment of sentence and remand this matter to the trial court.

At the center of this appeal is section 3806 of Pennsylvania's Vehicle Code, which provides, in pertinent part:

> **(a) General rule.--**Except as set forth in subsection (b), the term "prior offense" as used in this chapter shall mean any conviction for which judgment of sentence has been imposed, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition before the sentencing on the present violation for any of the following:
>
>> (1) an offense under section 3802 (relating to driving under influence of alcohol or controlled substance);
>>
>> (2) an offense under former section 3731;
>>
>> (3) **an offense substantially similar to an offense under paragraph (1) or (2) in another jurisdiction**; or
>>
>> (4) any combination of the offenses set forth in paragraph (1), (2) or (3).
>
> **(b) Timing.--**
>
>> (1) For purposes of sections 1553(d.2) (relating to occupational limited license), 1556 (relating to ignition interlock limited license), 3803 (relating to grading), 3804 (relating to penalties) and 3805 (relating to ignition interlock), the prior offense must have occurred:
>>
>>> (i) within 10 years prior to the date of the offense for which the defendant is being sentenced; or
>>>
>>> (ii) on or after the date of the offense for which the defendant is being sentenced.

75 Pa.C.S. § 3806(a), (b)(1) (emphasis added).

The record in this case reflects that on October 25, 2018, Dourlain pled guilty in Ohio to PCVUI pursuant to R.C. § 4511.194(B)(1). Subsequently, on August 1, 2022, Dourlain pled guilty in Pennsylvania to DUI, 75 Pa.C.S. § 3802. In the underlying matter, on June 12, 2023, Dourlain once again pled guilty to DUI. The trial court treated Dourlain's conviction of DUI in this case as his third offense in ten years for grading and sentencing purposes under section 3806(a)(3) and (b)(1).

On August 4, 2023, the trial court sentenced Dourlain to one to two years in prison followed by five years of probation. Dourlain timely filed a post-sentence motion for modification of his sentence in which he asserted that the trial court improperly graded his DUI conviction as his third offense in ten years. Dourlain argued that the trial court should not have treated his prior conviction in Ohio as a prior offense because the pertinent Ohio statute is not substantially similar to Pennsylvania's DUI law. The trial court denied Dourlain's post-sentence motion.

Dourlain timely appealed to this Court. Both the trial court and Dourlain have complied with Pennsylvania Rule of Appellate Procedure 1925. Dourlain presents the following issue for review:

> Whether the trial court erred as a matter of law in determining that [the DUI] offense for which [Dourlain] was sentenced on August 4, 2023, was a third offense in ten years, because his prior offense for [PCVUI], in violation of O.R.C. § 4511.194, was not substantially similar to Pennsylvania's [DUI] statute in 75 Pa.C.S.[] §3802(c), and therefore cannot be considered a prior offense under 75 Pa.C.S.[] § 3806?

- 3 -

Dourlain's Brief at 9.

In support of his claim, Dourlain contends that Pennsylvania's DUI statute requires proof of elements that are absent from Ohio's PCVUI statute. *Id.* at 19-24. Specifically, Dourlain asserts that the Pennsylvania law requires evidence that the intoxicated individual exercised control over the movement of the vehicle. *Id.* at 20-23. In contrast, Dourlain maintains Ohio's PCVUI statute only requires the intoxicated individual to be sitting in the driver's seat of a vehicle with possession of the ignition key. *Id.* at 24. Therefore, Dourlain asserts that Ohio's PCVUI statute encompasses a broader range of conduct than Pennsylvania's DUI statute. *Id.* at 34-36; *see also id.* at 35 (asserting that "[i]f there is no evidence that a person moved or caused the vehicle to move, or even created a condition where there was potential to move the vehicle, the person cannot be convicted for a DUI in Pennsylvania but may be convicted of physical control in Ohio") (emphasis omitted). Consequently, Dourlain argues that the trial court wrongly concluded that his conviction in Ohio of PCVUI constituted a prior offense under section 3806 and that his instant conviction of DUI was his third DUI offense in ten years for grading and sentencing purposes. *See id.* at 17-36.

In response, the Commonwealth argues that section 3806 does not require Ohio's PCVUI statute to be identical to Pennsylvania's DUI statute to constitute a prior offense, but rather the two provisions must only contain substantially similar elements. Commonwealth's Brief at 14. Without citation

to supporting authority, the Commonwealth contends that Ohio's PCVUI statute is substantially similar to Pennsylvania's DUI statute because they both prohibit an individual from sitting in the driver's seat of a vehicle with possession of an ignition device while intoxicated. *Id.* at 14-15.

In rejecting Dourlain's claim, the trial court likewise found (also without supporting authority) that the Pennsylvania DUI statute prohibits an individual from sitting in the vehicle with the keys while intoxicated, which is precisely what the Ohio PCVUI statue precludes. Trial Court Opinion, 9/21/2023, at 6 (unnumbered). Accordingly, the trial court concluded that the statutes are substantially similar, finding them "almost identical in language and function." *Id.*

We begin our analysis by acknowledging that "a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence." *Commonwealth v. Seladones*, 305 A.3d 83, 85 (Pa. Super. 2023). For issues challenging the legality of a sentence, "[o]ur standard of review is de novo, and the scope of our review is plenary." *Commonwealth v. Hoffman*, 198 A.3d 1112, 1123 (Pa. Super. 2018).

The issue raised by Dourlain is a question of the proper interpretation of a statutory enactment. When an issue of statutory interpretation is before this Court, the Statutory Construction Act[3] guides our analysis.

---

[3] 1 Pa.C.S. §§ 1501-1991.

*Commonwealth v. Gamby*, 283 A.3d 298, 306 (Pa. 2022). The paramount principle of the Statutory Construction Act is that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a).

"The General Assembly's intent is best expressed through the plain language of the statute." *Commonwealth v. Brown*, 981 A.2d 893, 897 (Pa. 2009). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). "Therefore, when the terms of a statute are clear and unambiguous, they will be given effect consistent with their plain and common meaning." *Gamby*, 283 A.3d at 306. Courts must interpret and apply the statute as it is written; "we should not insert words into a statute that are plainly not there." *Commonwealth v. Green*, 291 A.3d 317, 327 (Pa. 2023) (citation and brackets omitted).

"We also presume that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable, and that the General Assembly intends the entire statute to be effective and certain." *Id.* (quotation marks and citation omitted). "To that end, courts must read and evaluate each section of a statute in the context of, and with reference to, the other sections of the statute[.]" *Commonwealth v. Gurung*, 239 A.3d 187, 191-92 (Pa. Super. 2020) (citation, brackets, and quotation marks omitted).

We presume "that the legislature placed every word, sentence[,] and provision in the statute for some purpose[.]" *Id.* at 192 (citation omitted).

Chapter 38 of the Vehicle Code governs the crime of DUI in Pennsylvania. *See* 75 Pa.C.S. §§ 3801-3817. In this case, Dourlain pled guilty to DUI – highest rated alcohol under 75 Pa.C.S. § 3802(c). Pursuant to 75 Pa.C.S. § 3803(b)(4.1)(i), an individual who violates section 3802(c), and has two prior DUI offenses, commits a third-degree felony. *Id.* § 3803(b)(4.1)(i).

There is no dispute that in addition to his guilty plea in this case, Dourlain has at least one prior conviction of DUI in Pennsylvania, and that the prior conviction in Pennsylvania did constitute a "prior offense" pursuant to section 3806(a)(1). Rather, the parties' disagreement in this case arises from whether Dourlain's prior conviction in Ohio of PCVUI constitutes a "prior offense" under section 3806(a)(3). Accordingly, we must determine whether Ohio's PCVUI statute is substantially similar to Pennsylvania's DUI statute. *See* 75 Pa.C.S. § 3806(a)(3).

When analyzing whether two statutory provisions are substantially similar, the differences or similarities in the language of the provisions is not the salient factor. *Scott v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing*, 790 A.2d 291, 298 (Pa. 2002). Rather, we must examine the language defining the scope of conduct that each provision prohibits. *Id.*

Pennsylvania's DUI statute provides, in pertinent part:

**(a) General impairment.--**

(1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

(2) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(b) High rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(c) Highest rate of alcohol.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

**(d) Controlled substances.--**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(1) There is in the individual's blood any amount of a:

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64),1 known as The Controlled Substance, Drug, Device and Cosmetic Act;

(ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual; or

(iii) metabolite of a substance under subparagraph (i) or (ii).

(2) The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

(3) The individual is under the combined influence of alcohol and a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

(4) The individual is under the influence of a solvent or noxious substance in violation of 18 Pa.C.S. § 7303 (relating to sale or illegal use of certain solvents and noxious substances).

75 Pa.C.S. § 3802(a)-(d).[4]  In short, an essential element of the crime of DUI in Pennsylvania requires that the person must "drive, operate or be in actual physical control of the movement of a vehicle." *Id.*

The provision of Ohio law that Dourlain was previously convicted provides: "No person shall be in physical control of a vehicle … if, at the time of the physical control … [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. § 4511.194(B)(1).

---

[4]  We note that neither of the parties nor the trial court contends that the PCVUI law is substantially similar to Pennsylvania's prior DUI statute. *See* 75 Pa.C.S. § 3731 (repealed).  Therefore, an analysis here of that provision in relation to section 3806(a)(3) is unnecessary.

Reading the two statutes together, the clear and unambiguous language of Pennsylvania's DUI statute plainly prohibits driving, operating, or being in "actual physical control" of the movement of a vehicle while intoxicated, whereas the Ohio PCVUI statute only prohibits a person from being in "physical control" of a vehicle while intoxicated—it says nothing regarding driving or operating the vehicle. *Compare* 75 Pa.C.S. § 3802(a), *with* R.C. § 4511.194(B)(1). Thus, to determine if the statutes are substantially similar, we must examine how Pennsylvania and Ohio define the phrase "physical control."

This Court has explained that "physical control" of a vehicle may be established based on the totality of the circumstances. *Commonwealth v. Fallon*, 275 A.3d 1099, 1105 (Pa. Super. 2022); *Commonwealth v. Johnson*, 833 A.2d 260, 266 (Pa. Super. 2003).[5] But to have such physical control of a vehicle, Pennsylvania law requires that the defendant have "real (not hypothetical), bodily restraining or directing influence over, or domination and regulation of, its movements or machinery." *Commonwealth v. Kloch*, 327 A.2d 375, 383 (Pa. Super. 1974). "It is not necessary that the vehicle

---

[5] We note that *Johnson* involved the prior version of Pennsylvania's DUI statute, 75 Pa.C.S. § 3731 (repealed). Section 3731(a)(1) provided, in pertinent part, as follows: "A person shall not drive, operate or be in actual physical control of the movement of a vehicle … while under the influence of alcohol to a degree which renders the person incapable of safe driving." Because the operative language of section 3731(a)(1) is nearly identical to the operative language of section 3802(a), we find cases applying the repealed version of Pennsylvania's DUI statute instructive.

- 10 -

itself must be in motion but [] it is sufficient if the operator is in actual physical control of either the machinery of the motor vehicle or of the management of the movement of the vehicle itself." *Johnson*, 833 A.2d at 266 (citation and quotation marks omitted). Courts review a combination of factors to determine whether a person exhibited "actual physical control" of a vehicle, including, "the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Fallon*, 275 A.3d at 1105 (quotation marks and citations omitted).

Of relevance to the case at bar, this Court has long held that circumstantial evidence sufficient to establish physical control of a vehicle exists where the police encountered a stopped or parked vehicle with the engine running or where the evidence clearly showed the vehicle had been driven during the time when the driver was impaired. *See, e.g., Commonwealth v. Bathurst*, 288 A.3d 492, 502 (Pa. Super. 2023) (concluding driver was in physical control of the vehicle where the police encountered the vehicle pulled off on the side of a highway with the engine running and the stereo active); *Commonwealth v. Toland*, 995 A.2d 1242, 1246-47 (Pa. Super. 2010) (holding that the driver was in physical control of the vehicle where the police found the defendant asleep in his parked car with the engine running and headlights illuminated); *Commonwealth v. Williams*, 871 A.2d 254, 260-61 (Pa. Super. 2005) (finding that the Commonwealth had established physical control where police found the

defendant parked outside a restaurant at 4:00 a.m., asleep in the driver's seat, with the radio and headlights on and the engine of the vehicle running); **Commonwealth v. Leib**, 588 A.2d 922, 926 (Pa. Super. 1991) (holding that the driver was in physical control of the vehicle where the police found the defendant asleep in his vehicle, which was stopped in the middle of the road, the engine was not running, but the keys were in the ignition). The prevailing theme in each of these cases is that physical control was established by some indicia that the defendant could immediately exercise or had already exercised control over the movement of the vehicle.

Importantly, in **Commonwealth v. Price**, 610 A.2d 488 (Pa. Super. 1992), the case Dourlain relies on to support his claim, this Court found insufficient evidence of physical control of a vehicle where the police discovered the defendant intoxicated, sitting in the driver's seat of a vehicle parked along the side of the road, holding the vehicle's keys, but the engine was not running. **Id.** at 490-91. At trial, the defendant introduced evidence that his girlfriend had been driving the vehicle when it hit a pothole, which resulted in a flat tire and a broken wheel rim, rendering the vehicle inoperable, and that she left the defendant in the vehicle while she sought assistance. **Id.** at 489-90. We determined that a review of the authority on DUI cases revealed that, at a minimum, there must be evidence that the intoxicated individual at some point had the engine "started and running before a finding of actual physical control can be made." **Id.** at 490. We further explained:

> There are myriad reasons to leave keys to a stranded car with a person who is waiting with it while another seeks assistance. Obviously, if the person waiting should accidently lock himself or herself out of the car, the key would provide access. The key may be necessary to open windows on a warm evening or to allow for heat on colder evenings. The key also provides access to the radio and the lights, both interior and exterior, without draining a car's battery. **Merely possessing keys while seated in a parked car is not adequate to warrant a finding of actual physical control sufficient to sustain a conviction for driving under the influence**. There must be some indicia that the intoxicated person, who was seated in the car, had actual physical control of the vehicle.

*Id.* (emphasis added). Thus, our Court concluded evidence that an individual sitting in the driver's seat of a vehicle with possession of the vehicle's keys is, by itself, insufficient to establish that he or she was in "physical control" of the vehicle under Pennsylvania law. *See id.*

In contrast, Ohio's statute specifically and plainly defines "physical control" as "being in the driver's position of the front seat of a vehicle … and having possession of the vehicle's … ignition key or other ignition device." R.C. § 4511.194(A)(2). Noticeably absent from Ohio's definition of physical control is any requirement that there be evidence that the individual exercised or could imminently exercise any control over the movement of the vehicle. *See id.* In fact, in Ohio, physical control is established merely by the individual occupying the driver's seat of the vehicle with possession of the ignition keys—circumstances that the *Price* Court expressly held was insufficient to convict a person of DUI in Pennsylvania. *Id.*

- 13 -

We further observe that Ohio's operation of a motor vehicle while intoxicated ("OVI") statute states that "[n]o person shall operate any vehicle … within this state, if, at the time of the operation, … [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." R.C. § 4511.19(A)(1)(a). Importantly, the Ohio General Assembly defined the term "operate" as "to cause or have caused movement of a vehicle[.]" *Id.* § 4511.01(HHH). Unlike its PCVUI statute, Ohio's OVI law specifically requires an individual under the influence of drugs and/or alcohol to have moved the vehicle. *Compare id.* § 4511.19(A)(1)(a), *with id.* § 4511.194(B)(1). Indeed, state courts in Ohio have clearly distinguished the conduct prohibited by the OVI and PCVUI statutes on this basis. *See, e.g., State v. Schultz*, 2008 WL 4078447 at *4 (Court of Appeals of Ohio, Eighth District, Cuyahoga County Sept. 4, 2008) (unpublished decision).[6] In *Schultz*, the court explained:

> [T]he difference between an OVI and a physical control violation, besides the penalties, is that an OVI requires actual movement of the vehicle, whereas a physical control violation does not. [I]f there is no evidence that the person moved or caused the vehicle to move, that person cannot be convicted of OVI, but may be convicted of being in physical control of a vehicle while under the influence. Still, a person who is found passed out in his vehicle on the side of the highway may be convicted of an OVI because a

---

[6] The Court of Appeals for Ohio permits citation to, and reliance upon, its unpublished cases filed after May 1, 2002. Specifically, the Ohio Supreme Court Rules for the Reporting of Opinions states that "[a]ll opinions of the courts of appeals issued after May 1, 2002 may be cited as legal authority and weighted as deemed appropriate by the courts without regard to whether the opinion was published or in what form it was published." Rep.Op.R. 3.4.

- 14 -

jury could infer that the vehicle was moved to that location. However, if a person decides to "sleep it off" in the parking lot of the bar where the person drank, the person could be convicted only of a physical control violation, unless there is evidence of movement.

*Id.*

Based on the foregoing, we hold that Ohio's PCVUI statute is not substantially similar to Pennsylvania's DUI statute, as the scope of the conduct prohibited by Ohio's PCVUI statute differs from that which is prohibited by Pennsylvania's DUI statute. **See** 75 Pa.C.S. § 3802; R.C. § 4511.194(B); **see also Scott**, 790 A.2d at 298. Namely, Pennsylvania's DUI statute requires evidence that the intoxicated individual exercised control over the movement of the vehicle whereas Ohio's PCVUI statute only requires the intoxicated individual to be in the driver's seat of the vehicle with possession of the ignition keys—behavior this Court has expressly held to be insufficient to establish DUI under Pennsylvania law. **Compare** 75 Pa.C.S. § 3802, **with** R.C. § 4511.194(B); **see also Price**, 610 A.2d at 490. In short, Ohio's PCVUI statute punishes conduct that would not be a crime under Pennsylvania's DUI statute. **See Price**, 610 A.2d at 490.[7]

We therefore conclude that the trial court erred in determining that Ohio's offense of PCVUI is substantially similar to Pennsylvania's offense of

_____

[7] Notably, our Commonwealth Court has held that Ohio's OVI statute, R.C. § 4511.19, is substantially similar to Pennsylvania's DUI statute. **Smega v. Commonwealth, Dep't of Transp., Bureau of Driver Licensing**, 727 A.2d 154, 157 (Pa. Cmwlth. 1999).

DUI. Consequently, we likewise conclude that the trial court erred in treating Dourlain's prior conviction of PCVUI as a prior offense under Pennsylvania's DUI statute and in grading Dourlain's instant conviction of DUI as his third offense in ten years. Accordingly, we vacate Dourlain's judgment of sentence and remand this matter to the trial court for proceedings consistent with this decision.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>5/9/2024</u>